**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ISAAM ANSARI WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-335** |
| | ) | |
| **TRACY ALLISTON BOWEN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

On August 7, 2026, Plaintiff Isaam Williams, proceeding pro se, filed his complaint against various Defendants allegedly involved in preventing Williams and his mother from seeking prosecution for alleged crimes committed against Williams as a minor. ECF 1. That same day, he filed a motion to proceed *in forma pauperis* ("IFP"). ECF 2. Williams amended his complaint a few weeks later. ECF 4. For the following reasons, Williams's motion to proceed IFP (ECF 2) is **GRANTED**. But Williams's complaint lacks important factual allegations that William may have omitted because of his pro se status. Thus, the Court **ORDERS** William to amend his complaint by **November 17, 2026**.

## I. DISCUSSION

### A. Motion to Proceed IFP

28 U.S.C. § 1915(a) governs motions to proceed IFP. It provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such

> prisoner possesses that the person is unable to pay such fees or give security therefor.[1]

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation modified). A plaintiff is not required to show he is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Rather, it "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

The Court has reviewed Williams's IFP affidavit. Williams's affidavit establishes that he cannot pay the court fees without undue hardship. ECF 2. Thus, Williams's motion to proceed IFP (ECF 2) is **GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (citation modified). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Williams is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

Williams brings claims under 42 U.S.C. § 1983 alleging First Amendment retaliation/interference with petitioning and communication and denial of access to courts, and a claim under 42 U.S.C. § 1985(2) for conspiracy to deter or prevent truthful participation in a federal proceeding. ECF 4 at 29-30. While Williams provides some factual allegations in his complaint, many important allegations are lacking such that the Court is unable to conduct a thorough frivolity review. *See* 28 U.S.C. § 1915(e)(2)(b) (stating that a court is required to dismiss a case brought by a pro se plaintiff if it (1) is frivolous, or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief). For example, Williams has not plausibly alleged that fraudulent concealment under O.C.G.A. § 9-3-96 tolled the limitations period until August 2024. How did the alleged fraud conceal the factual basis for the claims asserted? How were the alleged concealed facts discovered? What reasonable efforts were made to discover these facts before 2024? Conclusory assertions to these questions are insufficient, without more, to establish tolling.

However, given Williams's pro se status, the Court will afford him an opportunity to amend his complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more

carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.”).

For these reasons, Williams is **ORDERED** to amend his complaint to include all facts that he wishes to make a part of these proceedings and cite the appropriate statutory or constitutional authority for bringing his claims. Williams shall have until **November 16, 2026** to file his amended complaint.

In the “statement of claims” section of his amended complaint, Williams must, as he did in his first complaint, link any claims he makes to a named defendant. If Williams fails to link a named defendant to a claim, the claim will be dismissed; if Williams makes no allegations in the body of his complaint against a named defendant, that defendant will be removed from the action.

Williams must provide enough facts to plausibly demonstrate that each defendants’ actions or omissions resulted in the violation of his rights under a specific law. It is also recommended that, when drafting his “statement of claims,” Williams list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Williams injured as a result of each defendant’s actions?

The recast complaint will take the place of and supersede Williams’s amended complaint. *Schreane v. Middlebrooks*, 522 F. App’x 845, 847–48 (11th Cir. 2013). Williams may not refer to, or incorporate by reference, his previous complaint. The Court will not look back to the facts alleged in the original complaint once the recast

complaint is filed; the Court will only consider the facts in the recast complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

After the plaintiff files his recast complaint, the Court will conduct a frivolity review and, if necessary, dismiss any claims pursuant to 28 U.S.C. § 1915(e)(2)(B). No defendant shall be served until after the Court completes its frivolity review of the recast complaint.

**C. Fed. R. Civ. P. 11 Obligations**

The Court informs Williams of his obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs Williams's representations to the Court.

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

**D. Artificial Intelligence**

Finally, the Court has seen a marked increase in the use of artificial intelligence ("AI") by unrepresented parties, who may not understand fully their pleading obligations. It is common knowledge that AI can produce what have become known as hallucinations. This happens frequently in responses to legal-related prompts. AI often provides false legal citations and inaccurate summaries of legal authorities and principles. Courts have severely sanctioned lawyers and litigants who have included hallucinations in their filings. To assist Williams in meeting his pleading obligations, the Court **ORDERS** the following:

**In all pleadings, including Plaintiff's amended complaint, Plaintiff shall include a signed statement certifying that Plaintiff has verified the accuracy of all facts and all legal authorities cited and legal theories advanced in the pleading. Failure to comply with this paragraph shall result in sanctions, including, if appropriate, dismissal of this lawsuit.**

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Williams's motion to proceed IFP (ECF 2) is **GRANTED**, and Williams is **ORDERED** to amend his complaint no later than **November 17, 2026**.

**SO ORDERED**, this 27th day of October, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT